IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                               No. 19CR3113 JB

TOMAS SANCHEZ,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Sanchez' Opposed Motion for Review of Detention Order and Renewed Motion for Immediate Release *(Doc. 197)* that was filed on March 25, 2020 by Defendant's previous court-appointed attorney. The Court has reviewed the Motion and the Government's Response, and finds that a hearing is unnecessary for its decision.

Background

Defendant Sanchez is charged in three counts of a multi-defendant Grand Jury indictment alleging that he conspired with others to distribute controlled substances (Count I), possessed fentanyl with the intent to distribute it (Count 6), and also possessed cocaine with the intent to distribute (Count 7). For all three counts, Congress has imposed a rebuttable presumption that no combination of conditions for release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A). Nevertheless, at a

detention hearing held September 25, 2019, this Court agreed with the Probation Officer's recommendation that conditions for release could be so fashioned. *Doc. 90.*

The October 10, 2019 Order eventually setting conditions for third-party release to his sister expressly provided that Defendant Sanchez was to have "[n]o contact (direct or indirect) with any victims or witnesses in this matter, **including any and all co-defendants."** *Doc. 108* at ¶7(g) (emphasis added). A Petition for Action on Conditions of Release was then filed alleging that he had violated this condition just two days later on October 12, 2019 with engaging in a telephone conversation with the alleged leader of the conspiracy charge – co-defendant Robert Padilla.

At the October 31, 2019 hearing on the Petition, Defendant Sanchez admitted the violation, and after reviewing that recorded phone call with Co-Defendant Padilla, the Court found that Defendant Sanchez is unlikely to abide by any condition or combination of conditions for release. As the Government notes in its Response to the motion, the Transcript (Exhibit 2 to Doc. 198) of the recording reveals that "[t]he two discussed the location and status of other defendants, the defendant's knowledge of other co-defendants, the state of discovery, and tactics they believed law enforcement might use against them." *Doc. 198* (citations omitted). Indeed, Defendant Sanchez even indicated that he knew he was violating his conditions for release. *Doc. 198-2* at 9 ("I'm not even supposed to talk to you or anybody. . . . . And that's one of my conditions for release so I'm hoping they don't fuckin' fuck me on this right now."). The Court therefore revoked Defendant Sanchez' pretrial conditions for release and took him into custody until trial. *Doc. 126.*

<u>Analysis</u>

Defendant's Motion "requests the Court conduct a *de novo* review" of my Order Revoking Conditions of Release, which, at first glance, would appear to be an appeal of my revocation ruling to the presiding district judge. Yet, the Motion actually seeks temporary release from custody pursuant to 18 U.S.C. § 3142(i) and cites the current COVID-19 coronavirus pandemic as the compelling reason that justifies such relief. *Doc. 197* at 2-9.

In a recent memorandum opinion and order raising the pandemic as a compelling justification for temporary release, The Honorable James O. Browning first examined the Tenth Circuit's rationale and holding in *United States v. Cisneros*, 328 F.3d 610 (10th Cir. 2003), in the context of a motion brought pursuant to §3142(i). *See United States v. Alderete*, CR 19-1989 JB, Doc. 53 (May 21, 2020). In *Alderete*, Judge Browning reasoned that

> a defendant's motion for temporarily release under § 3142(i) does not require -- by its terms -- that a judicial officer reopen the defendant's detention hearing. *See United States v. McKnight*, 2020 WL 1872412, at *2. Whether "new" information has a material bearing on the defendant's risk of nonappearance and danger to the community is a distinct question from whether a "compelling reason" warrants temporary release under § 3142(i). 18 U.S.C. § 3142(i). The decision whether to release a defendant temporarily under § 3142(i) is, however, intertwined with the factors that the initial judicial officer considered at the defendant's detention hearing, because the risk of nonappearance and danger to the community are front and center in the judicial officer's mind as he or she decides how compelling the defendant's reason for temporary release is. These factors never go away. The Court further notes that, for most defendants who request temporary release because of a compelling reason, the compelling reason is often new information that was not available at the pretrial detention hearing -- otherwise, the defendant likely would have asserted the reason for release at the detention hearing. Despite the minor differences in §§ 3142(f) and (i)'s procedural applications, the Court concludes that § 3142(i)'s textual similarity to § 3142(f), and the Tenth Circuit's reasoning in *United States v. Cisneros*, support the conclusion that only the judicial officer who originally issued a defendant's pretrial detention order may subsequently order temporary release.

3

*Alderete*, Doc. 53 at 49.

Given the above guidance from Judge Browning, this Court now proceeds to address the instant Motion. In an often cited opinion from the District of Kansas, Magistrate Judge Angel D. Mitchell set forth four factors to be considered on a case-by-case analysis: "(i) the Magistrate Judge's reasons for ordering a defendant's detention; (ii) the defendant's health-related COVID-19 concerns; (iii) whether the proposed release plan mitigates COVID-19's risks to the defendant; and (iv) whether releasing the defendant would risk spreading COVID-19 to others." *Alderete*, Doc. 53 at 57 *citing United States v. Clark*, 2020 WL 1446895, at *3.

It is true that I initially found and imposed conditions for release that I felt adequate to address my concerns at the time of the detention hearing. I cannot ignore, however, that Defendant Sanchez violated a key condition within two days of release and that this violation contravened my initial assessment that Defendant Sanchez was amenable and committed to abiding by any and all conditions. Thus, as to the first factor, I revoked the release Order and detained him because he knowingly and voluntarily violated the contact provision and thereby defeated the purpose for which it had been imposed – to protect the integrity of the judicial process.

As the second factor, Defendant Sanchez asserts that he has three medical conditions that make him especially vulnerable should he contract the COVID-19 virus – diverticulitis, gallstones, and depression. *Doc. 197* at 3. Although there are some known age and chronic medical conditions that can make an individual potentially more vulnerable to this novel COVID-19 coronavirus, Defendant provides no such information specific to the conditions upon which he relies to justify relief. The Court's own research

indicates that none of these conditions are currently recognized as increasing vulnerability to COVID-19. *See* CDC, People Who Are at Higher Risk for Severe Illness, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited June 29, 2020).

The third factor – whether the proposed release plan mitigates COVID-19's risks to the defendant – is difficult to assess given the dynamic character of the pandemic and the parties' reliance on relatively stale data and information. At the time of the Government's Response on April 8, 2020, no federal detainees in New Mexico detention facilities had tested positive for COVID-19. *See Doc. 198* at 8. Since that time, however, one detention facility in New Mexico used to house federal detainees – the Otero County Detention Facility –has experienced significant numbers of its federal detainees testing positive for the COVID-19 virus. As of June 28, 2020, the novel coronavirus has infected 275 individuals in federal custody at that facility. *See* https://www.newmexico.gov/2020/06/28/updated-new-mexico-covid-19-cases-now-at-11809/ (last visited 06/29/2020). Indeed, Defendant Sanchez' Motion accurately discusses the inherent conditions of pretrial confinement which "create the ideal environment for the transmission of contagious disease." *Doc. 197* at 4-6. These inherent conditions – especially the lack of social distancing ability – have been thoroughly set forth in numerous briefs and judicial opinions, so I will not repeat them here.

Yet Defendant Sanchez indicates that he is being held at the Cibola County Correctional Center which has reported only 2 cases positive for COVID-19 despite Defendant's concession of its capacity to hold 1129 inmates. *Id.* It therefore appears that the Cibola facility has implemented measures to address the pandemic and has this far succeeded in preventing an outbreak of this highly contagious virus. This result means that

the fourth factor – whether releasing the defendant would risk spreading COVID-19 to others – is not implicated at this time.

After reviewing the *Clark* factors, this Court concludes that Defendant Sanchez is not among the most vulnerable population at heightened risk of complications should he be exposed to the novel coronavirus or that the current conditions of confinement at Cibola place him in special danger during the duration of this pandemic.  In sum, Defendant Sanchez has not met his burden of demonstrating a compelling reason that would justify temporary release pursuant to 18 U.S.C. § 3142(i).

Wherefore,

IT IS HEREBY ORDERED that Defendant Sanchez' Opposed Motion for Review of Detention Order and Renewed Motion for Immediate Release *(Doc. 197)* is **denied,**

_____
UNITED STATES MAGISTRATE JUDGE