**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**                                          **Cause No. 1:19-cr-03113-JB**

**ROBERT PADILLA, et al.,**

**Defendants.**

## UNOPPOSED MOTION FOR CONFIRMATION, DESIGNATION, AND IDENTIFICATION OF EVIDENCE BY THE GOVERNMENT

Defendant Tomas Sanchez, by counsel, The Law Office of Ryan J. Villa, by Ryan J. Villa, submits this motion for designation of evidence by the government pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B) and moves this Court for an order requiring the government to designate evidence that the government intends to use in the prosecution of Mr. Sanchez specifically. In support of this motion, the defendant states the following:

## BACKGROUND

On September 11, 2019, a grand jury returned a 19-count Indictment charging all 12 Defendants with conspiracy to commit distribution of controlled substances. *See* Indictment, Count 1 [Doc. 2]. Each Defendant is also charged in one or more of the other 18 counts. *Id.* at Counts 2-19. Mr. Sanchez is individually charged in Count 1: conspiracy in violation of 21 U.S.C. § 846; Count 6: possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and Count 7: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Shortly after the Defendants' indictment, the Court issued an Order declaring this case complex for speedy trial purposes under 18 U.S.C. § 3161 (h)(7)(A) and 18 U.S.C. § 3161 (h)(7)(A)(ii). [Doc. 121]. In the Order, the Court noted the large volume of

1

discovery in the case and that the United States indicated the investigation lasted approximately two years and involved nearly every investigative tool available to law enforcement, including four Title III wiretap orders to intercept communications over eight separate phones. *Id.*

Due to the enormity of discovery, counsel for Mr. Sanchez has determined that confirming the evidence against him will save resources and expedite the formation of his individualized defense. Additionally, Scott Davidson has been appointed to assist all Defendants in reviewing and, if necessary, litigating the propriety of the Title III wiretap applications and phone interceptions. Therefore, any evidence that need not be moved to suppress because it will not be used against Mr. Sanchez, will save the resources of this Court, the government, Mr. Davidson, and the defendant.

With respect to discovery, to date it consists nearly 500 gigabytes of data. This data contains 16,000 pages of documents, more than 132 hours of audio recordings, and more than 2,382 hours of video recordings. Consequently, Defendants have utilized a court-appointed Coordinating Discovery Attorney (CDA) to assist in providing litigation support services including organizational strategies. The CDA also provided hard drives to counsel which contained discovery and included discovery review tools to assist counsel in reviewing this discovery. Due to the large amount of discovery, Mr. Sanchez seeks to confirm and designate evidence relevant to his defense and requests the government identify any additional evidence it intends to introduce against Mr. Sanchez specifically.

Assistant United States Attorney, Robert Goldaris was contacted for the government's position, and the government does not oppose this motion as it relates to Tomas Sanchez.

## **ARGUMENT**

2

In order to expedite preparation for trial, save judicial resources, and avoid unnecessary motions to suppress, Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure provides for the confirmation of evidence that the government intends to use at trial:

> (4) Notice of the Government's Intent to Use Evidence ….
> (B) At the Defendant's Request. At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence- inchief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). Rule 12's purpose is intended to save resources by allowing the defense to avoid the necessity of moving to suppress evidence that is not going to be used by the government. *See id*; *see also United States v. DeLeon*, 428 F. Supp. 3d 698, 712 (D.N.M. 2019). Accordingly, after the Defendants specify evidence they intend to move to suppress, the United States must indicate whether it intends to use such evidence. *DeLeon*, 428 F. Supp. 3d, at 715. The rule "text limits designation to only the evidence 'that the defendant may be entitled to discover Rule 16.'" *Id.* at 714 (quoting Fed. R. Crim. P. 12(b)(4)(B)). However, the government must also notify a defendant which evidence is does not intend to introduce against him at trial because "merely relying on an open-file policy is not sufficient." *United States v. Lujan*, 530 F. Supp. 2d 1224, 1246 (D.N.M. 2008).

Essentially, as defendants specify evidence that they intend to suppress, the United States must confirm whether it intends to introduce such evidence under Rule 12(b)(4)(B). *See DeLeon*, 428 F. Supp. 3d at 715. Therefore, if the government knows that it does not intend to introduce evidence against a defendant including, evidence from "a particular warrantless search or seizure; search or seizure based on a warrant; surveillance; interview; beeper or other tracking device; mail cover; display of any defendant's photograph, likeness, image, or voice-recording," it must notify

the defendant and supplement the notification if necessary. *Lujan*, 530 F. Supp. 2d at 1246. This avoids the needless motions by a defendant to suppress information that will be not be introduced against him.

In the case at hand, considering the complexity of the number of parties in this case and the amount of evidence that has been disclosed and still needs to be disclosed by the government, Rule 12(b)(4)(B) is an important procedural mechanism for the defendants, the government, and the Court. Rule 12(b)(4)(B) can save the parties time and resources from needlessly litigating unnecessary motions to suppress evidence the government does not intend to use in its case-in-chief. *See Lujan*, 530 F. Supp. 1246. Therefore, Mr. Sanchez requests the following to be confirmed and designated to be used against him:

1) The phone calls taking place on 10/17/2018, 10/19/2018, 10/20/2018, 10/21/2018, 10/22/2018, 10/23/2018, 10/26/2018, 10/30/2018, 11/02/2018, 11/03/2018, 11/04/2018, 11/08/2018 between Padilla Phone 1 and associate phone number (505)-429-3089.

2) The text message sent on 10/19/2018 from Padilla Phone 1 associate phone number (505)-429-3089.

3) The Cocaine and Fentanyl seized from buy-walk operations involving Padilla outlined in the DEA 7s.

4) The lab reports.

If confirmed not to be used against Mr. Sanchez, this evidence need not be subject of suppression motions and would save time and resources for the government, defense, and this Court.

Mr. Sanchez also requests that the Court order the government to designate any evidence disclosed under Rule 16 that may be subject to challenge or suppression. *See Lujan*, 530 F. Supp.

2d at 1244 ("The rule provides a mechanism to ensure that the defendant knows of the government's intention to use evidence to which the defendant may want to object."). By such disclosure, the defendants will be alerted to the necessity, if it exists, of making an appropriate motion to designate evidence rather than waiting to make additional motions to suppress as trial approaches. Accordingly, Mr. Sanchez also requests the confirmation, designation and identification of the following:

1)      Any additional amounts of Cocaine and Fentanyl known to the government that it intends to introduce against Mr. Sanchez not outlined above.

2)      Any phone calls between Mr. Sanchez and any other members of the alleged conspiracy not listed above.

3)      Any text messages or other electronic communications between Mr. Sanchez and any other members of the alleged conspiracy not listed above.

4)      Any other evidence to be used against Mr. Sanchez not described in the response to the above requests.

Essentially, defendant has named all evidence that is known to him that may be used against him and is therefore unable to specifically name additional potential evidence. Thus, the government should notify Mr. Sanchez of its intention to use an additional evidence and identify such evidence that may be subject to suppression. *See* Fed. R. Crim. P. 12, advisory committee note to 1975 amendment. ("[I]n response to a request by the defendant, [the government] must notify the defendant of its intention to use certain evidence in order to give the defendant an opportunity before trial to move to suppress that evidence."). By such disclosure, the defendants will be alerted to the necessity, if it exists, of making an appropriate motion to request the

government confirm, designate, and otherwise identify such evidence rather than filing multiple motions to suppress, which will conserve time and resources for the government, the defendant, and this Court.

## CONCLUSION

For the foregoing reasons, Mr. Sanchez respectfully requests that this Court grant the relief requested herein and order the government to confirm, designate, and otherwise identify all evidence listed.  If the government identifies any evidence not the subject of a Motion to Suppress filed by December 30, 2020, Mr. Sanchez requests an extension of time to file a Motion to Suppress after this deadline.

Respectfully submitted,
The Law Office of Ryan J. Villa

By:     /s/ *Ryan J. Villa*
RYAN J. VILLA
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, New Mexico 87113
(505) 639-5709
(505) 433-5812 (fax)
ryan@rjvlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2020, I filed the foregoing electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ *Ryan J. Villa*
RYAN J. VILLA

6