**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                                    **No. 1:19-cr-003113-JB**

**TOMAS SANCHEZ,**

      **Defendant.**

## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Tomas Sanchez, by counsel, The Law Office of Ryan J. Villa, by Richelle Anderson, and pursuant to 18 U.S.C. § 3583(e)(1), respectfully moves the Court to terminate his remaining term of supervised release. Mr. Sanchez started his three-year term of supervision on September 29, 2021. Since then, he has successfully completed counseling and an outpatient substance abuse treatment program, fulfilled his community service hours, and been routinely tested for drugs and alcohol without issue. He has also paid his $7,202.00 fine in full. Most notably, he has continued to support and encourage his young son. Accordingly, early termination is warranted by Mr. Sanchez's conduct and the interest of justice.

Counsel for Mr. Sanchez has contacted United States Probation Officer Juan Vidal-Alvizo, who indicates no objection to Mr. Sanchez's request for early termination, and Assistant United States Attorney Elaine Ramirez, who indicates the government takes no position as to this request.

### I. PROCEDURAL HISTORY

Mr. Sanchez pleaded guilty to conspiracy to violate 21 U.S.C. § 841(b)(1)(A), in violation of 21 U.S.C. § 864, possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Plea Agreement [Doc. 501]. These convictions arise from his short

and minor participation in a much longer, multi-defendant, poly-drug conspiracy. The Indictment alleges an ongoing conspiracy from September 17, 2018 to September 10, 2019. *See* Indictment [Doc. 2]. However, Mr. Sanchez's participation occurred between October 17, 2018 and November 8, 2018, and lasted a period of only a few weeks. *See* Plea Agreement [Doc. 501] ¶ 9. After pleading guilty, Mr. Sanchez was sentenced to an imprisonment term of 24 months followed by 3 years of supervised release, and order to pay a significant fine of $7,202.00. *See* Judgment [Doc. 585]. Given Mr. Sanchez's presentence confinement credit, this sentence amounted to a time-served sentence. *See* Order Revoking Conditions of Release [Doc. 126] (indicating Mr. Sanchez was remanded to the custody of the U.S. Marshal Service on October 31, 2019).

Since his release on supervision in September 2021, Mr. Sanchez has complied with this Court's orders, including that he completes counseling, an outpatient substance abuse treatment program, and community service, submit to routine drug testing, and pay a fine. He has worked fulltime at CA2 Testing as a concrete technician to financially support his young son and is in the process of being a certified forklift operator, which will allow him to promote within his field. Mr. Sanchez's main priority is raising his son. Mr. Sanchez works to help provide his son, who is a sixth grader at Hope Christian, with many of the opportunities that Mr. Sanchez did not have, including receiving a rigorous education and playing on a soccer team and participating in a mountain biking club and in church youth group activities. Mr. Sanchez is determined to improve his life and the life of his son moving forward and will not risk jeopardizing his relationship by becoming reinvolved with crime.

## II. APPLICABLE LAW

### A. The purpose of supervised release is to encourage rehabilitation.

In 1984, Congress "overhauled federal sentencing procedures to make prison terms more

determinate and abolish the practice of parole." *United States v. Haymond*, 139 S. Ct. 2369, 2382 (2019). Instead of parole, "Congress established the system of supervised release," … which was not intended to "replace a portion of a defendant's prison term" but to "encourage rehabilitation *after* the completion of his prison term." *Id*. (emphasis in original) (internal quotations and citations omitted). The goal of supervised release is to help formerly incarcerated individuals "in their transition to community life" and to serve "rehabilitative ends, distinct from those served by incarceration," including by providing them with access to resources like job training and development. *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Under 18 U.S.C. § 3583(e)(1), "the Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" … "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" This provision requires the Court to consider the following § 3553(a) sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*See United States v. Davies,* 746 Fed. Appx. 86, 88-89 (3rd. Cir. 2018) (citing 18 U.S.C. §§ 3553(a)(1), (2)(B)–(D), (4)–(7)); *see also United States v. Warren*, 650 Fed. Appx. 614, 615 (10th Cir. 2016) (discussing the Court's obligation to consider § 3553(a) factors).

**B. After 18 months, there is a presumption in favor of early termination.**

According to guidance provided by the Judicial Conference, after a defendant successfully completes 18 or more months of supervised release, "there is a presumption in favor of recommending early termination" so long as he meets the following criteria:

1. The person does not meet the criteria of a career drug offender or career criminal (as described in 28 U.S.C. § 994(h)) or has not committed a sex offense or engaged in terrorism;

2. The person presents no identified risk of harm to the public or victim;

3. The person is free from any court-reported violations over a 12-month period;

4. The person demonstrates the ability to lawfully self-manage beyond the period of supervision;

5. The person is in substantial compliance with all conditions of supervision; and

6. The person is engaged in appropriate prosocial activities and receives sufficient prosocial support to remain lawful well beyond the period of supervision.

*United States v. Shaw*, 2020 WL 1062896, at *3 (D. Colo. Mar. 5, 2020) (quoting Guide to Judiciary Policy, Vol. 8 (Probation and Pretrial Services, Part E (Post-Conviction Supervision), § 360.20(b)–(c) (July 2, 2018)). In 2018, "the Judicial Conference … approved a 'substantial revision' to its policy, entitled 'Supervision of Federal Offenders (Monograph 109).'" *Shaw*, 2020 WL 1062896, at * 3. The Judicial Conference's revisions "reflect a shift in focus from coercing a person to act lawfully to monitoring and fostering a person's ability to self-manage lawful behavior and desire to act lawfully." *Id*. The early termination of an individual's supervision is contemplated as part of this shift and acknowledges a defendant's successful and sustained compliance without the need for him to demonstrate exceptional circumstances. *See id*. at * 4-5.

4

### C. The Court has broad discretion when considering a request for early termination.

As with most other sentencing-related decisions, the district court's decision whether "to grant a motion to terminate a term of supervised release under 18 U.S.C. § 3583(e)(1)" is reviewed for an abuse of discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). However, even though the "district court has broad discretion in imposing a sentence or ruling on a defendant's request to modify a sentence, it cannot supplant Congress's statutory directive with its own policy" and must "review the individualized factors common to federal sentencing determinations." *United States v. Hartley*, 34 F.4th 919, 931–32 (10th Cir. 2022) (reversing the district court's denial of the defendant's request for early termination of probation based on the court's blanket policy of refusing such motions rather than consideration of the relevant statutory criteria).

## III.   FEDERAL PROSECUTION WAS A TURNING POINT FOR MR. SANCHEZ

### A. The § 3553(a) factors weigh in favor of early termination.

Mr. Sanchez's performance on supervised release and the interest of justice support granting his request for early termination. *See* § 3583(e)(1). Mr. Sanchez's convictions were for serious offenses, but he has since demonstrated that he has learned from his mistakes. After his arrest, instead of making excuses for his misconduct, Mr. Sanchez accepted responsibility for his actions and pleaded guilty. As a consequence of his actions, Mr. Sanchez spent 24 months in custody and the last 18 months on federal supervised release.

While on supervision, Mr. Sanchez has had the opportunity to reflect on his mistakes and address their underlying causes, including paying attention with whom he chooses to associate. He understands the importance of being present for his young son and setting a positive example. Mr. Sanchez completed counseling and an outpatient substance abuse treatment program. He has been accountable to this Court, probation, and himself, by submitting routine drug and alcohol tests and

given back in the form of completing 40 hours community service. Because of the resources this Court and probation have made available to him, Mr. Sanchez now has the necessary tools to continue to be successful on his own and demonstrated that he is prepared to live the rest of his life in a law-abiding manner.

Mr. Sanchez has shown that he has learned from his mistakes and has developed into a law-abiding citizen and a valuable member of his community. Since he has successfully rejoined society, it is clear that probation's limited time and resources are better spent on individuals with a continuing need for the programming and services they can provide.

### B.  The Judicial Conference's factors create a presumption of early termination.

Mr. Sanchez is not a career drug offender or career criminal as defined in § 994(h) and has not committed a sex offense or engaged in terrorism. Additionally, Mr. Sanchez presents no risk to the public. As discussed above, Mr. Sanchez has paid a heavy price for his crimes, learned from his mistakes, and has worked hard to successfully rehabilitate and rejoin his family and community at large. This is evidenced by the fact that he has successfully applied the lessons he learned in counseling and treatment to successfully navigate his day-to-day life, maintain sobriety, and work to support himself and his son. Because Mr. Sanchez meets these criteria, there is a presumption in favor of the early termination of his release. *See Shaw*, 2020 WL 1062896, at * 5.

### IV.  CONCLUSION

Given Mr. Sanchez's diligent work toward rehabilitation, he has reached the point where supervision is no longer necessary. Additionally, because he has served more than 18 months of supervision successfully and meets the Judicial Conference's revised criteria, there is a presumption in favor of the early termination of his supervision. Accordingly, Mr. Sanchez respectfully moves the Court for an order terminating his remaining term of supervised release.

Respectfully submitted,
The Law Office of Ryan J. Villa

*/s/ Richelle Anderson*
Richelle Anderson
Counsel for Defendant
5501 Eagle Rock Ave NE, Suite C2
Albuquerque, New Mexico 87113
Phone: (505) 639-5709
Fax: (505) 433-5812
Richelle@rjvlawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Richelle Anderson*
Richelle Anderson